# Tilley, *et al.* v. Barnes.

*Bill to Remove Administration and to Construe Will.*

(Decided May 22, 1913. 62 South. 761.)

1. *Wills; Constructions; Powers.*—The will considered and it is held that under it the widow of testator had the power to sell the home place for the purpose of purchasing another place on which to live, but that she had no power to sell any of the other property mentioned in the will unless advised so to do by the sons, daughters and sons-in-law mentioned in said will.

2. *Same.*—Should the widow sell the home place, and invest the proceeds in another place in which to live, she would be entitled to the use for her life of any surplus received from the sale of the home place remaining after reinvestment in such other place.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Ethel R. Barnes against J. S. Tilley and others to remove administration from the probate to the chancery court and to construe the will of Justice M. Barnes, deceased. From a decree of removal and construing the will, the guardian ad litem of the minors appeal. Affirmed.

Codicil No. 2 is as follows: "Codicil No. 1 is by Codicil No. 2 made null and void. In case of my death, my wife E. R. Barnes is with the advice of my sons E. R. Barnes and J. R. Barnes, my daughters, M. C. and L. L. Barnes, my sons-in-law J. J. Campbell and M. J. Bray, empowered to sell all property that I have that she sees fit. Take one-third of the proceeds, invest it in income producing property realty and live upon the income. She is authorized to sell the home near Montgomery and buy a cheaper place, or keep it as she sees fit. At her death said property is to be divided equally among all my children including John Potts Barnes, who is not mentioned in the body of this will. The other two-thirds is to be invested in income producing realty, and apportioned to each of my children. This property shall be governed by section 8 of this will. Elly R. Barnes shall be charged with the amount of money he has that belongs to the estate of Eugene L. Watkins, amount about $1,800, with interest. All parts of this will in force except what conflicts with the provision of this will.'

Section 8 of the will is as follows: "No land passing from my estate to my heirs shall be sold by them except to pay for land already purchased which shall come under the provisions of this my will.'

The chancellor decreed that item 8 of the original will was of no effect, and that the wife was entitled to the use of the home place occupied by the family of the testator in Cloverdale so long as she lives, and that she

has the power to sell the same and use the proceeds in the purchase of another place to live and to use the surplus proceeds or the income therefrom during life, and that at her death said homestead or any property or money or other thing of value into which she has converted the same shall be the property of the children or descendants of the children of the said testator that shall then be living; and the wife is also entitled to the use during her natural life of one-third of all other property belonging to the testator at the time of his death, whether remaining in its present form or converted into other property, and that at her death the same shall become the property jointly of such children or descendants of children of the said J. M. Barnes as shall then be living per stirpes. The two-thirds remaining is decreed to belong jointly and equally to the children left by said testator; and that the power of sale given to the wife, other than the home place, is not imperative but discretionary in the first place with her as to time, place, and terms, and she has no power to make any sale of such property unless advised to do so by all of said two sons, two daughters, and two sons-in-law, and that, unless with their advice she sell all of said property within a reasonable time, then any adult child of said testator may demand an apportionment of his or her share of any of said property that has not been so sold and reinvested in accordance with the will.

J. S. TILLEY, *pro se.* Counsel insists that the court was in error in decreeing a removal, and in its construction of the will, but he cites no authority in support thereof.

RUSHTON, WILLIAMS & CRENSHAW, for appellee. There was no error in the decree as it followed the plain provisions of the will.

MAYFIELD, J.—This is a bill by a trustee named in the will to remove the proceedings as to the administration of the estate from the probate into the chancery court for the purpose of having the court construe the will and the codicils thereof. The court entertained the bill and ordered the administration removed into the chancery court or into the city court having chancery jurisdiction and proceeded to construe certain parts of the will and codicils.

Some of the heirs, who are also legatees and devisees, were minors, and a guardian ad litem was appointed to defend for them in the court below; and from the decree in the lower court these prosecute this appeal and assign and insist upon error in that decree in the following particulars:

First, that the court had acquired no jurisdiction; second, that the trustee (appellee here), who was the wife of the testator, had the right, under the will, to sell the home place without the advice of certain persons named in the will whose advice was required as to the disposition of property other than the home place; third, that said trustee and widow had no right to use for life the surplus, in the event of a sale by her of the home place; fourth, that the will was rendered void for uncertainty by reason of two codicils thereto; fifth, that it was not intended by codicil No. 2 of the will to make the sale of the property other than the home place, mentioned in the will, by the trustee, depend upon the consent of the persons named in the codicil; that it was intended only that the trustee might confer with such parties named as to the sale and not that their consent should be a condition precedent to such sale.

It is only in these respects that there is any insistence as to error; and hence we consider and review the de-

17—183

cree only in so far as it is necessary to pass upon the questions indicated.

We are of the opinion that the lower court unquestionably acquired jurisdiction to construe the will, and that it is certainly not void in toto and was not rendered so by the codicil mentioned. We are also of the opinion that the will authorized the trustee to sell the home place and other property on the conditions, in the mode, and for the purposes mentioned in the decree of the chancellor, and that the widow was entitled to the use, for her life, of any surplus that might remain after the sale of the home place and reinvestment in another home as decreed by the chancellor.

We find no error in the decree in the matters complained of on this appeal; and it would be improper and untimely for us to attempt to pass upon questions not insisted upon by the appellant on the appeal.

It therefore follows that, in so far as this appeal is concerned, the decree will be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.